Peter A. Quinn, J.
Plaintiff moves to strike the affirmative defense set forth in defendant surety’s answer on the ground that it is insufficient in law.
The complaint seeks to recover an alleged balance due for labor performed and materials furnished by plaintiff in the construction of a dormitory building for the Dormitory Author *1067 ity of the State of New York. Defendant surety has been made a party to this action because of a combined performance and payment bond it issued to defendant Rogers & Haggerty, Inc.
The affirmative defense alleges, in substance, that the bond involved was subject to the provisions of section 137 of the State Finance Law, and that plaintiff has failed to comply therewith “ to the extent that such section requires the successful foreclosure of a mechanic’s lien by the claimant thereunder.”
The Dormitory Authority of the State of New York, authorized by section 5 of article X of the State Constitution, was created by chapter 524 of the Laws of 1944 (formerly §§ 1430-1433, now § 1677 of Public Authorities Law). Hence it is an independent corporate agency with governmental functions delegated to it by the State, as distinguished from a mere arm of the State through which the State acts directly in carrying out the governmental function (Braun v. State of New York, 203 Misc. 563, 564-565).
An analysis of section 137 of the State Finance Law establishes that the provisions of this law, relied upon by the surety, are applicable only to a bond furnished in connection with a contract for the prosecution of a public improvement “ for the state of New York.” The contract here involved is clearly one for the prosecution of a public improvement for the Dormitory Authority, a distinct and separate political entity (supra); not for the State of New York. The Dormitory Authority has its own employees (see 1951 Atty. Gen. 152) transacts its own business, and is not subject to the requirements imposed upon other boards or departments of the State insofar as article IX of the State Finance Law is concerned (Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v. New York State Thruway Auth., 5 N Y 2d 420, 423-425). Although this cited case deals with a different section of the State Finance Law, contrary to the surety’s contentions, the observations made by the court therein are applicable to the instant matter. The very purpose of the Dormitory Authority is to free such public projects from the restraints which are otherwise applicable to State government (Bird v. New York State Thruway Auth., 8 A D 2d 495, 497).
It is significant that the bond issued by the surety here does not comply, in form or content, with the requirements of section 137. The obligations of the principal and surety are not stated in statutory terms, nor does it appear that such bond was executed upon the standard and approved form. Similarly, the bond does not recite that it is required by the State Comptroller under section 137 of the State Finance Law or chapter 707 of *1068 the Laws of 1938 (see Triple Cities Constr. Co. v. Dan-Bar Contr. Co., 285 App. Div. 299, 301, affd. 309 N. Y. 665).
In the opinion of the court, the bond in suit is a common-law bond, rather than a statutory bond, and was required by the Dormitory Authority to protect plaintiff and others similarly situated. Inasmuch as the provisions of article IX of the State Finance Law, do not apply to a public authority (supra), the State Comptroller has no authority, as urged by the surety, to require the Dormitory Authority to exact from a contractor only the bond prescribed under section 137. Nothing in the bond itself or the contract documents before the court evidences any intent that the provisions of section 137 apply here, or that plaintiff must pursue the procedure prescribed therein as a condition precedent to recovery on such bond.
Accordingly, the motion to strike the affirmative defense is granted.