■ SULLIVAN HIGHWAY PRODUCTS CORPORATION, Plaintiff, v EDWARD L. NEZELEK, INC., et al., Defendants; TRAVELERS INDEMNITY COMPANY, Appellant, and RONALD GORR, Doing Business as R. & H. Gorr, Respondent.— Appeal from (1) an order of the Supreme Court at Special Term, entered November 4, 1974 in Sullivan County, which granted summary judgment in favor of defendant Gorr on his cross claim against defendant Travelers Indemnity Company and (2) the amended judgment entered thereon. We are concerned on this appeal with the cross claim brought by defendant Ronald Gorr against defendant Travelers Indemnity Company to recover on a labor and material payment bond. Special Term denied the Travelers' motion for summary judgment dismissing the cross claim and granted summary judgment on the cross claim, holding that Gorr was entitled to recover moneys due him under the terms of the bond. The instant action was brought to foreclose a notice under mechanic's lien for account of public improvement filed by the plaintiff, in which Travelers and Gorr were made defendants. On July 20, 1970 the defendant Edward Nezelek, Inc., entered into an agreement with the County of Sullivan to perform the general construction

work for the Sullivan County Community College, and as part of the agreement Nezelek and Travelers executed a labor and material payment bond. On April 9, 1971, Nezelek entered into a subcontract with defendant F & T Construction Corp. for the performance of certain work under the contract, and the defendant Gorr in turn furnished certain equipment to be used by the subcontractor F & T. The subcontract was thereafter breached by F & T, and Nezelek completed the work required to be done by F & T. A written notice under the Lien Law was served by Gorr on the defendant Nezelek and on the County of Sullivan by registered mail for the amount claimed to be due for the equipment furnished by him under the subcontract. The notices of lien were served within 90 days after the date the last of the materials were furnished. The labor and material payment bond executed by defendants Nezelek and Travelers provides in part as follows: "No suit or action shall be commenced hereunder by any claimant, (a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business". The issue thus presented on this appeal is whether timely service of a notice of mechanic's lien for account of public improvement upon the parties to whom notice shall be given, as provided in the bond, is sufficient to satisfy the requirements of the labor and material payment bond in question so as to permit recovery of the claim made by defendant Gorr thereon. The defendant Travelers contends that the notice of lien served herein fails to indicate that defendant Gorr was making a claim on the bond, but indicates only that Gorr was claiming a lien against the funds payable to the general contractor and applicable to the construction of a public improvement. Therefore, Travelers argues that since there was a failure to give proper notice of claim on the bond, a condition precedent before suit may be commenced by a claimant, Gorr was not entitled to recover the amount of his lien under the bond. We are not persuaded by this argument. Nor does the fact that the notice provision in the bond in question is substantially similar to the one contained in section 137 of the State Finance Law have any relevancy to the interpretation of the bond, under the facts of the present case. The bond involved here was a requirement of the County of Sullivan in its contract with the general contractor, Nezelek. Thus, we may not read into a common-law bond any statutory requirement, but it is to be interpreted independently of any statute (*Extruded Louver Corp. v McNulty,* 18 AD2d 661; *Clark Plastering Co. v Seaboard Sur. Co.,* 237 App Div 274). It is not disputed that defendant Gorr falls within the class of persons to be protected by the labor and material payment bond. The notice was in writing, given to the general contractor and the owner, and stated the amount claimed and the name of the party to whom the materials or equipment were furnished, all as required by the notice provision contained in the bond. No particular form of notice is prescribed in the bond prepared by the defendant Travelers. Thus, it is clear that the notice of lien actually served by the defendant. Gorr herein was sufficient to inform the necessary parties that there were

moneys due and owing to him and such notice satisfactorily complied with the requirements and terms of the bond in question. Accordingly, we conclude that Special Term properly allowed recovery on said bond. Judgment affirmed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Reynolds, JJ., concur.