■ SYRACUSE SUPPLY COMPANY, Appellant, v SEABOARD SURETY COMPANY, Respondent.—Judgment unanimously reversed on the law without costs, motion denied and cross motion granted. Memorandum: We reverse the judgment insofar as appealed from and grant plaintiff supplier's cross motion for summary judgment on the cause of action asserted against the surety, Seaboard Surety Company (Seaboard). Liability on a payment bond required pursuant to State Finance Law § 137 was not intended to be contingent upon the existence of a lienable fund *(Chittenden Lbr. Co. v Silberblatt & Lasker,* 288 NY 396, 404). "The 'benefits' which the Legislature, by the enactment of section 137, intended to grant to laborers and materialmen, are found in the guarantee of payment afforded by the bond in those instances where there is no fund, or an insufficient fund, due the contractor or subcontractor on a State public improvement, against which the enforcement of valid and existing liens may lead to the payment thereof" *(Chittenden Lbr. Co. v Silberblatt & Lasker, supra,* at 404). Section 137 supplements those provisions of the Lien Law and Labor Law which facilitate payment for labor and material furnished for a municipal public improvement. The statutory construction advanced by Seaboard must be rejected because it would provide to those who supply labor and materials on public contracts no greater assurance of payment than they had before the enactment of the statute. Under the circumstances of this case, "[t]he remedy on the payment bond is in the nature of a third-party beneficiary recovery. It is dependent neither on the existence of a lien fund or a Lien Law trust fund for its utilization or enforcement" *(Tri-City Elec. Co. v People,* 96 AD2d 146, 150, *affd* 63 NY2d 969). (Appeal from judgment of Supreme Court, Onondaga County, Hayes, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.