DUTCHESS QUARRY & SUPPLY COMPANY, INC., Respondent-Appellant, v FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant-Respondent.

Third Department, April 29, 1993

## APPEARANCES OF COUNSEL

*Steven G. Rubin,* Mineola, for appellant-respondent.

*Gellert & Cutler, P. C.,* Poughkeepsie *(Terry D. Horner* of counsel), for respondent-appellant.

## OPINION OF THE COURT

LEVINE, J. P.

In December 1989 defendant executed as surety a $5,497,000 labor and materials payment bond on behalf of its principal, BIB Construction Company, Inc. (hereinafter BIB), the general contractor on a construction project in the City of Poughkeepsie, Dutchess County, for renovation of its City Hall building. Plaintiff was a concrete supplier for Jonel Associates, Ltd., the masonry contractor on the project.

Plaintiff brought this action on the bond to recover the unpaid balance allegedly due from Jonel for 88 cubic yards of concrete delivered to the project site. Defendant's answer interposed affirmative defenses, *inter alia,* that the concrete furnished by plaintiff was not in conformity with the contract specifications for the project and that plaintiff "did not comply with the condition precedent certified mail notice provisions of the bond". After issue was joined, plaintiff moved for summary judgment. Defendant cross-moved for the same relief based upon its affirmative defense of noncompliance with the notice provision of the bond requiring 90 days' registered or certified mail notice to any two of the owner, general contractor or surety, plaintiff having only served notice on BIB, the general contractor.

Supreme Court denied plaintiff's motion, concluding that triable issues existed as to whether the concrete delivered on the job conformed to the design mix approved by the engineer and to the specifications. The court also denied defendant's cross motion on the ground that plaintiff's notice to BIB satisfied the notice requirement of State Finance Law § 137 (3), which was controlling. These cross appeals followed.

There should be an affirmance. On its appeal, defendant

contends that its labor and materials payment bond was not a statutory bond pursuant to State Finance Law § 137 but a common-law bond, providing broader coverage than a statutory bond. As a common-law bond, defendant argues, the payment bond herein is only enforceable according to its own terms and, thus, the notice provision contained therein, and not that of State Finance Law § 137, is controlling (citing, *e.g.,* *Sullivan Highway Prods. Corp. v Edward L. Nezelek, Inc.,* 52 AD2d 986, *lv denied* 40 NY2d 806). We disagree. Subsequent to *Sullivan Highway Prods. Corp. v Edward L. Nezelek, Inc.* *(supra),* State Finance Law § 137 was amended to mandate the furnishing of a labor and materials payment bond on local municipal public works projects such as that undertaken here by the City of Poughkeepsie *(see,* L 1985, ch 137, § 10; *see also,* Mem of sponsoring Senator and Member of Assembly, Bill Jacket, L 1985, ch 137).

Thus, by the foregoing amendment, the Legislature extended to municipal public works contracts the strong public policy underlying the original enactment of State Finance Law § 137 regarding State public projects, i.e., to provide protection to persons furnishing labor and materials on such projects by guaranteeing payment even where there is no fund or insufficient funds due the general contractor or subcontractor against which a labor or materials lien could be filed *(see,* *Chittenden Lbr. Co. v Silberblatt & Lasker,* 288 NY 396, 404; *State Bank v Dan-Bar Contr. Co.,* 23 Misc 2d 487, 491, *affd* 12 AD2d 416, *affd* 12 NY2d 804). The remedy on the payment bond guaranteed by State Finance Law § 137 " 'is in the nature of a third-party beneficiary recovery. It is dependent neither on the existence of a lien fund or a Lien Law trust fund for its utilization or enforcement' " *(Syracuse Supply Co. v Seaboard Sur. Co.,* 167 AD2d 830, quoting *Tri-City Elec. Co. v People,* 96 AD2d 146, 150, *affd* 63 NY2d 969).

Prior to the foregoing 1985 amendment to State Finance Law § 137, it was discretionary on the part of a local municipal government whether to require a payment bond and, if so, either a statutory or common-law bond *(see, Triple Cities Constr. Co. v Dan-Bar Contr. Co.,* 285 App Div 299, 304, *affd* 309 NY 665). By virtue of the 1985 amendment, municipalities no longer have the option to deny persons furnishing labor and materials on local public projects the protection of State Finance Law § 137, or to provide less protection to such persons. This being so, at least as to the furnishing of labor and materials on public projects covered by State Finance

Law § 137, we are of the view that a labor and materials payment bond cannot dilute the protection of the statute by imposing notice conditions precedent to payment which are more onerous than that required by State Finance Law § 137 (3). The Federal courts have held, in construing the Miller Act (40 USC § 270a *et seq.*), the model for State Finance Law § 137 *(see, Russo Trucking & Excavating v Pennsylvania Resource Sys.,* 169 AD2d 239, 243), that the purpose of the statutory notice provision is secondary and subordinate to the primary statutory objective of protecting persons furnishing labor and materials on Federal public works projects *(see, United States v Andrews,* 406 F2d 790, 794; *Noland Co. v Allied Contrs.,* 273 F2d 917, 920-921). Thus, any such more burdensome notice provision having the effect of weakening the financial protection afforded statutory beneficiaries would be void as violative of the public policy embodied in State Finance Law § 137 as amended *(see, Loomis v Maguire's Equip. Sales,* 124 AD2d 82, 85, *lv denied* 70 NY2d 606; *Rivers v Ben Constr. Corp.,* 29 AD2d 1048; *Matter of Dobbs Ferry Union Free School Dist. [Dobbs Ferry United Teachers],* 90 Misc 2d 819, 828).

Because the furnishing of concrete for the Poughkeepsie City Hall renovation project clearly fell within the scope of State Finance Law § 137, and concededly plaintiff complied with the notice required under that section, plaintiff's right to recover on the payment bond cannot be defeated because it failed to meet the additional notice requirement of the bond; Supreme Court therefore properly denied defendant's motion for summary judgment based on that ground.

We also agree with Supreme Court's conclusion that an outstanding issue of fact is presented here as to whether the concrete plaintiff delivered met the requirements of plaintiff's contractual obligations. Hence, Supreme Court's denial of the cross motions for summary judgment should be upheld in all respects.

MERCURE, MAHONEY, CASEY and HARVEY, JJ., concur.

Ordered that the order is affirmed, without costs.