■ A.C. LEGNETTO CONSTRUCTION, INC., Appellant, v HARTFORD FIRE INSURANCE COMPANY, Respondent. [665 NYS2d 782] —Order affirmed without costs. Memorandum: Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint as barred by the applicable one-year Statute of Limitations (*see*, State Finance Law § 137 [4] [b]). Plaintiff commenced this action seeking monies due subcontractors based on a contractor's performance bond filed in connection with a public improvement project. Defendant contends that, because the bond does not refer to the statute, it is subject

to the six-year Statute of Limitations for breach of contract actions (see, CPLR 213 [2]). We disagree. The bond is required by section 137 (see, *Dutchess Quarry & Supply Co. v Firemen's Ins. Co.*, 190 AD2d 36, 38), and, in the absence of a provision in the bond extending the period of limitation, we conclude that the one-year statutory period applies (see, *Scaccia Concrete Corp. v Hartford Fire Ins. Co.*, 212 AD2d 225).

All concur except Pine, J. P., and Callahan, J., who vote to reverse and reinstate the complaint in the following Memorandum:

Pine J. P., and Callahan J. (dissenting). We respectfully dissent. In our view, Supreme Court erred in dismissing plaintiff's complaint as time-barred because on these facts the bond is a common-law bond subject to a six-year limitations period (see, CPLR 213 [2]). The fact that "municipalities no longer have the option to deny persons furnishing labor and materials on local public projects the protection of State Finance Law § 137, or to provide less protection to such persons" (*Dutchess Quarry & Supply Co. v Firemen's Ins. Co.*, 190 AD2d 36, 38), does not preclude enforcement of a common-law bond explicitly providing more protection to workers than required by section 137 (see, *Scaccia Concrete Corp. v Hartford Fire Ins. Co.*, 212 AD2d 225, 234-235). The Court in *Scaccia* pointed out that where, as here, the bond makes no reference to the State Finance Law, courts have generally held that it was merely a common-law bond (see, *Scaccia Concrete Corp. v Hartford Fire Ins. Co.*, supra, at 230). Given that the purpose of the amendment of section 137 in 1985 was to provide greater protection to workers, there is no reason to read time restrictions of State Finance Law § 137 (4) (b) into a common-law bond, thereby barring plaintiff's complaint. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Callahan, Doerr and Boehm, JJ.