OPINION OF THE COURT
 

 Wesley, J.
 

 This case requires us to identify the appropriate applicable Statute of Limitations in an action on a municipal construction bond. Prior to 1985, the resolution of this question would have focused on whether the bond was properly classified as a common-law or a statutory obligation. However, given the 1985 amendment to State Finance Law § 137, making payment bonds mandatory on municipal projects such as this, these traditional classifications are not dispositive here. In light of the legislative mandate, we hold that, unless the particular bond provides a longer Statute of Limitations, the period prescribed in the State Finance Law governs. We therefore affirm the Appellate Division order dismissing plaintiffs suit as time barred.
 

 This case involves a dispute over work performed by plaintiff A.C. Legnetto Construction, Inc. on an elementary school renovation project for the City of Syracuse. Lawman Construction Co., Inc. was the general contractor on the job. Legnetto subcontracted to do landscaping and other site work. In connection with the project, Lawman obtained a "Contractor’s Performance Bond” through defendant Hartford Fire Insurance Company. Lawman’s contract with the City of Syracuse called for the furnishing of a bond — the form for the bond was provided by the City. It is undisputed that the bond was required under State Finance Law § 137.
 

 The subcontract between Lawman and Legnetto called for Legnetto to be paid $212,700. Legnetto also performed additional work required by the City, for which a change order was issued. Legnetto presented a final invoice to Lawman on June 2, 1994, and performed no work on the project after July 30, 1994. While the parties dispute whether Legnetto ad
 
 *278
 
 equately performed its work under the contract, it is undisputed that Lawman failed to pay Legnetto the full amount due under the subcontract and change order. After attempting to obtain satisfaction from Lawman and demanding payment from Hartford, plaintiff commenced this action by summons and complaint filed April 12, 1996. Thus, the action was not commenced until at least 20 months after the amount Legnetto now demands from Hartford became due and payable.
 

 Shortly after the action was commenced, Hartford moved for summary judgment dismissing Legnetto’s complaint on Statute of Limitations grounds, arguing that the one-year limitations period in State Finance Law § 137 (4) (b) applied. The trial court agreed, holding that, since the bond in question had been furnished pursuant to State Finance Law § 137, the limitations period found in that section was applicable. The Appellate Division affirmed, holding that “[t]he bond is required by section 137 * * * and, in the absence of a provision in the bond extending the period of limitation, we conclude that the one-year statutory period applies” (244 AD2d 859, 860). Two Justices dissented, on the ground that the bond was a common-law bond and the six-year limitations period found in CPLR 213 (2) was therefore applicable. Legnetto appealed to this Court as of right pursuant to CPLR 5601 (a), and we now affirm.
 

 As noted by the Appellate Division, State Finance Law § 137 now mandates that municipalities furnish payment bonds on all public works projects in excess of a threshold amount. There is no question that Lawman was required by section 137 to furnish a bond on this project, and that the bond had to conform to the requirements of that section (see,
 
 Dutchess Quarry & Supply Co. v Firemen’s Ins. Co.,
 
 190 AD2d 36). The bond in question was the only one furnished by Lawman in connection with this project. Thus, notwithstanding the absence of a statutory reference in the bond, it must be deemed to have been furnished to satisfy the statutory requirement. Indeed, plaintiff concedes that the bond satisfied Lawman’s and the City’s statutory obligations to furnish a bond.
 

 State Finance Law § 137 (4) (b) provides that “[n]o action on a payment bond furnished pursuant to this section shall be commenced after the expiration of one year from the date on which final payment under the claimant’s subcontract became due.” Since this bond was required under the State Finance Law, it must be deemed ipso facto to have been “furnished pursuant to” the statute, and the provisions contained therein
 
 *279
 
 must govern, to the extent that they are not superseded by more liberal provisions in the bond
 
 (see, Dutchess Quarry & Supply Co. v Firemen’s Ins. Co., supra).
 

 Plaintiff nonetheless maintains that because the bond in question contains additional provisions not required by the State Finance Law, and is a performance as well as payment bond, it should be deemed a common-law bond benefitting from the six-year limitations of CPLR 213 (2). Whatever other additional provisions the bond may contain, however, it is silent as to the Statute of Limitations. As previously noted, regardless of whether it was also provided for in Lawman’s contract with the City of Syracuse, this bond was undisputedly
 
 required
 
 by State Finance Law § 137. Thus, the more specific limitations period provided in State Finance Law § 137 (4) (b) must prevail over the more general period provided in CPLR 213 (2).
 

 The distinction that plaintiff attempts to draw between “statutory” and “common-law” bonds is rooted in a line of decisions that preceded the 1985 amendment to State Finance Law § 137. Prior to 1985, the statute was permissive rather than mandatory, providing simply that the Comptroller “may nevertheless” have required a bond for State projects.
 
 *
 
 Since the statute was permissive, the question would sometimes arise whether a particular bond was furnished pursuant to section 137, or simply required as a part of a contract. If the former were the case, then the bond was labeled a statutory bond and had to be read in conformity with State Finance Law § 137. However, if the bond were found to be a common-law bond required solely by contract, then the more restrictive State Finance Law limitations period was inapplicable
 
 (see generally, Scaccia Concrete Corp. v Hartford Fire Ins. Co.,
 
 212 AD2d 225, 229-231).
 

 Whether a particular bond was a common-law or statutory bond was determined by ascertaining the intent of the parties. Generally, where the particular bond implicitly or explicitly referenced section 137, it was deemed a statutory bond; if no such reference was found it was considered a common-law bond
 
 *280
 

 (see, e.g., Sullivan Highway Prods. Corp. v Edward L. Nezelek, Inc., 52
 
 AD2d 986;
 
 Windalume Corp. v Rogers & Haggerty,
 
 36 Misc 2d 1066 [bond was a common-law bond, where it made no reference to State Finance Law § 137];
 
 cf., Triple Cities Constr. Co. v Dan-Bar Contr. Co.,
 
 285 App Div 299,
 
 affd
 
 309 NY 665 [bond which specifically referenced State Finance Law § 137 was a statutory bond, and statutory terms were incorporated therein]).
 

 In the context of a statutory scheme that made the procurement of bonds optional, the distinction between common-law and statutory bonds was material and relevant. If the State could choose to do away entirely with a bond, then certainly it could choose to require a bond that did not meet the requirements of State Finance Law § 137. However, once municipalities were required to bond all substantial construction projects, the distinction lost its meaning and effect. At least where, as here, there is but one bond, that bond must, of necessity, be the one that is required by State Finance Law § 137; otherwise, the municipal contract would have violated the State Finance Law. This being so, the provisions of State Finance Law § 137 must be deemed to apply to this bond
 
 (see, Dutchess Quarry & Supply Co. v Firemen’s Ins. Co., supra,
 
 190 AD2d, at 38-39).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs.
 

 *
 

 In relevant part, the pre-1985 statute read “[i]n addition to other bond or bonds, if any, required by law for the completion of a work specified in a contract for the prosecution of a public improvement for the state of New York, or in the absence of any such requirement, the comptroller may nevertheless require prior to the approval of any such contract a bond guaranteeing prompt payment of monies due to all persons furnishing labor or materials to the contractor or his subcontractors in the prosecution of the work provided for in such contract.” (State Finance Law § 137 [former (1)].)