Ordered that the order is reversed, on the law, with costs, the motion is granted, and the appellants' proposed amended answer is deemed served.

There is a substantial question in this case as to whether the plaintiff held the status of a special employee, and whether the action against one or both of the appellants is barred by the Workers' Compensation Law (see Di Sisto v Messenger, 176 AD2d 249, 250; Carino v Kenmare Remodeling, 292 AD2d 555; see also Wesley v Long Is. Power Auth., 284 AD2d 391, 392-393). The plaintiff's contentions are without merit (see Cameli v Pace Univ., 131 AD2d 419). Santucci, J.P., S. Miller, Krausman and Goldstein, JJ., concur.

■ WILLETS POINT ASPHALT CORP., Respondent, v R.L.I. INSURANCE COMPANY, Appellant. [742 NYS2d 92] —In an action to recover on a payment bond, the defendant appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated February 21, 2001, which denied its motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The general contractor on a public improvement project with the New York City Department of Parks and Recreation entered into a contract with Diamond Blacktop, which then entered into a contract with the plaintiff, Willets Point Asphalt Corp., for the supply of asphalt materials. The general contractor obtained a payment bond from the defendant, R.L.I. Insurance Company. The bond, by its terms, had a two-year statute of limitations, but was silent as to notice requirements.

The plaintiff filed a mechanic's lien 15 months after it had last supplied materials on the project, asserting that it was not paid in connection with the project. Other than the mechanic's lien, the plaintiff did not give notice to either the general contractor or the defendant that it was owed money on the project. The defendant moved to dismiss the plaintiff's complaint, which seeks to recover on the payment bond, asserting, inter alia, that the plaintiff failed to give notice of its claim to the general contractor within 120 days from the date on which the last material was furnished by it, as required by State Finance Law § 137 (3).

The defendant's motion should have been granted. We reject the plaintiff's argument that the bond in question was not furnished pursuant to State Finance Law § 137 (3). The general contractor was required by that statute to furnish a bond, and it was the only one furnished in connection with the

project. Therefore, "it must be deemed to have been furnished to satisfy the statutory requirement" (*Legnetto Constr. v Hartford,* 92 NY2d 275, 278).

State Finance Law § 137 (3) provides that "a person having a direct contractual relationship with a subcontractor of the contractor furnishing the payment bond but no contractual relationship express or implied with such contractor shall not have a right of action upon the bond unless he shall give written notice to such contractor within one hundred twenty days from the date on which the last of the labor was performed or the last of the material was furnished, for which his claim is made." Since the bond did not contain a more liberal notice requirement, the above-quoted provision of State Finance Law § 137 (3) is applicable (*see Legnetto Constr.,* 92 NY2d at 278-279). Since it is undisputed that the plaintiff did not give written notice of its claim to the general contractor within 120 days from the date on which it last supplied materials on the project, the defendant was entitled to dismissal of the complaint. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.

■ JILL WILSON, Respondent, v DAMIANO BUFFA, Appellant, et al., Defendant. [741 NYS2d 713] —In an action to recover damages for, inter alia, medical malpractice, the defendant Damiano Buffa appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 16, 2001, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the defendant Damiano Buffa; and it is further,

Ordered that upon searching the record, summary judgment is awarded to the defendant St. Charles Hospital and Rehabilitation Center dismissing the complaint insofar as asserted against it; and it is further,

Ordered that the appellant is awarded one bill of costs.

Contrary to the plaintiff's contention, the affidavit submitted by the defendant Damiano Buffa's medical expert was sufficient to establish Dr. Buffa's prima facie entitlement to judgment as a matter of law. The affidavit demonstrated that Dr. Buffa did not depart from the applicable standard of medical care, did not proximately cause the plaintiff's condition, and obtained a valid informed consent from the plaintiff (*see Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358; *O'Shaughnessy v Hines,* 248 AD2d 687).