■ AMERICAN BUILDING CONTRACTORS ASSOCIATES, INC., Appellant, v MICA & WOOD CREATIONS, LLC, Defendant, and FOURMEN CONSTRUCTION, INC., et al., Respondents. [804 NYS2d 109]—

In an action, inter alia, to recover on a payment bond for a public improvement project under State Finance Law § 137 (3), the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 6, 2004, which granted the motion of the defendants Fourmen Construction, Inc., and Colonial Surety Company for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondents.

The Supreme Court erred in concluding as a matter of law that the appellant failed to give the requisite written notice under State Finance Law § 137 (3), on the ground that its letter dated November 12, 2002, to the defendant Fourmen Construction, Inc. (hereinafter Fourmen), its contractor, did not mention a bond claim. As the respondents correctly concede, the statute does not specifically require that a notice refer to a bond claim.

Regarding the timeliness of the plaintiff's written notice under State Finance Law § 137 (3), the respondents made a prima facie showing of entitlement to judgment as a matter of law on the ground that the notice was untimely (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). However, in opposition, the plaintiff raised a triable issue of fact.

The respondents failed to make a prima facie showing of entitlement to judgment as a matter of law on the ground that this action is barred by the one-year statute of limitations provided by State Finance Law § 137 (4) (b). Pursuant to that provision, the one-year limitations period accrues on the date final payment is due on the claimant's subcontract. However, the payment bond itself, which also provided for a one-year statute of limitations, contained a possibly more liberal accrual date—the date on which the "Principal," i.e., Fourmen, ceased work on the contract. If, on the facts of this case, the bond's accrual provision is more favorable to the plaintiff, it governs rather than the time period prescribed by State Finance Law § 137 (4) (b) (*see A.C. Legnetto Constr. v Hartford Fire Ins. Co.*, 92 NY2d 275, 279 [1998]; *Willets Point Asphalt Corp. v R.L.I. Ins. Co.*, 294 AD2d 356, 357 [2002]). However, since there is a triable issue of fact as to when Fourmen ceased work on the contract, we cannot determine whether this action was timely commenced. We note that although the parties did not address the bond's accrual provision, since that issue is "apparent on the face of the record," we address the issue in the exercise of our discretion (*Matter of Carlton v Zoning Bd. of Appeals of Town of Bedford*, 111 AD2d 169, 170; *see Weiner v MKVII-Westchester*, 292 AD2d 597, 598 [2002]).

The respondents' remaining contentions are without merit. Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.