■ Rocky Annunziato et al., Respondents, v City of New York, Appellant. (Action No. 1.) Richard Casparie et al., Respondents, v City of New York, Appellant. (Action No. 2.) Alice Stensland et al., Respondents, v City of New York, Appellant. (Action No. 3.) Robert Dadonna et al., Respondents, v City of New York, Appellant. (Action No. 4.) John E. Miesegaes, Respondent, v City of New York, Appellant. (Action No. 5.) John E. Miesegaes et al., Respondents, v City of New York, Appellant. (Action No. 6.) Vincent Acierno et al., Respondents, v City of New York, Appellant. (Action No. 7.) [824 NYS2d 115]—

In seven related actions, inter alia, to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Mega, J.), dated September 21, 2004, as denied those branches of its motion which were to dismiss the complaints for failure to state a cause of action pursuant to CPLR 3211 (a) (7), and for summary judgment dismissing certain of the plaintiffs' causes of action as time-barred pursuant to CPLR 214-c.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs and their decedents in these seven related actions all live or lived near the New York City Brookfields and/or Fresh Kills landfills in Richmond County, and allege in their complaints that exposure to carcinogens from the landfills caused them to contract various diseases, including leukemia, Hodgkins' disease, and cancer. The City appeals from the denial of those branches of its motion which were to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), and for summary judgment dismissing 38 of the plaintiffs' causes of action as time-barred pursuant to CPLR 214-c.

The City argued, with respect to that branch of its motion which was to dismiss the complaints for failure to state a cause of action, that the plaintiffs could not establish causation, relying upon an affidavit of one of the plaintiffs' expert epidemiologists, dated October 5, 1994, submitted in connection with a prior motion, in which he stated that a scientific determination

as to the cause of the plaintiffs' illnesses had not yet been reached. It is clear, however, that the complaints in the related actions plead cognizable causes of action, including the element of causation. Moreover, the City's proof submitted on that branch of the motion failed to conclusively establish that no cause of action exists (*see Rovello v Orofino Realty Co.,* 40 NY2d 633 [1976]). As such, that branch of the motion which was to dismiss the complaints for failure to state a cause of action was properly denied.

Furthermore, the City failed to make a prima facie showing in support of that branch of its motion which was for summary judgment dismissing certain of the plaintiffs' causes of action as time-barred, that, applying the statute of limitations (*see* CPLR 214-c [4]), the plaintiffs' actions were not timely commenced. Miller, J.P., Crane, Luciano and Rivera, JJ., concur.