■ Jacob Hoffman, Respondent, v Unionmutual Stock Life Insurance Company of New York et al., Defendants, and First Unum Life Insurance Company, Appellant. [857 NYS2d 680]—In an action to recover damages for breach of contract, the defendant First Unum Life Insurance Company appeals from (1) so much of an order of the Supreme Court, Kings County (Schmidt, J.), entered February 16, 2007, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred, and, upon granting that branch of its motion which was to dismiss the second and third causes of action insofar as asserted against it premised on its alleged bad faith handling of the plaintiff's claim for benefits under a policy of disability insurance, granted the plaintiff leave to serve an amended complaint incorporating the allegations of bad faith into the first cause of action, premised on breach of

contract and (2) so much of an order of the same court dated July 9, 2007, as denied that branch of its motion which was to strike portions of the amended complaint.

Ordered that the orders are affirmed insofar as appealed from, with costs.

In support of that branch of its motion which was for summary judgment dismissing the complaint as time-barred, the appellant failed to make a prima facie showing that it denied the plaintiff's claim for disability benefits under the insurance policy more than six years prior to the commencement of the action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Annunziato v City of New York*, 33 AD3d 950 [2006]; *American Bldg. Contrs. Assoc., Inc. v Mica & Wood Creations, LLC*, 23 AD3d 322 [2005]).

Contrary to the appellant's assertion, the Supreme Court was correct in allowing the allegations of bad faith to be incorporated in an amended complaint and in denying that branch of the appellant's motion which to strike those portions of the amended complaint (*see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187 [2008]; *Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d 200 [2008]). Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.