10-2539-cv
MJJ Trucking, Inc. v. BD Haulers, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of January, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
              GUIDO CALABRESI,
              ROBERT D. SACK,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
MJJ TRUCKING, LLC,
          **Plaintiff-Appellee**,

          **-v.-**                                    **10-2539-cv**

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND,
          **Defendant-Cross Claimant-**
          **Appellant**,

FRANK GILLETTE and BD HAULERS, INC.,
          **Defendants-Cross Defendants**.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**      John J. P. Krol (Geoffrey S. Pope, <u>on the</u>
                        <u>brief</u>), Welby, Brady & Greenblatt, LLP,
                        White Plains, New York.

**FOR APPELLEE:**      John J. Petriello, Levy, Ehrlich & Petriello, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gold, <u>M.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Fidelity and Deposit Company of Maryland ("Fidelity") appeals from a judgment of the United States District Court for the Eastern District of New York (Gold, <u>M.J.</u>) holding Fidelity liable to MJJ Trucking, LLC ("MJJ") in the amount of $255,591.00, together with interest and costs, pursuant to a surety bond. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the district court's legal conclusions <u>de novo</u>, but we defer to its underlying factual findings unless they are clearly erroneous. <u>See</u> <u>Arch Ins. Co. v. Precision Stone, Inc.</u>, 584 F.3d 33, 38-39 (2d Cir. 2009).

New York State Finance Law § 137 provides that, for any "contract for the prosecution of a public improvement for . . . a municipal corporation," a condition to the approval of such contract is "a bond guaranteeing prompt payment of moneys due to all persons furnishing labor or materials to the contractor or any subcontractors in the prosecution of the work provided for in such contract." N.Y. State Fin. L. § 137(1). Section 137 provides a private right of action to subcontractors and suppliers on public improvement projects who are not promptly paid by the hiring contractor so long as the subcontractors provide timely written notice to the general contractor "stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or for whom the labor was performed." <u>Id.</u> § 137(3).

The district court held that by presenting the general contractor with unpaid invoices, MJJ, a sub-subcontractor, satisfied the notice requirement in § 137(3) because the invoices stated with "substantial accuracy" the amount owed to MJJ and "the name of the party . . . for whom the labor was performed." <u>Id.</u> We agree. Fidelity's arguments

2

notwithstanding, nothing in § 137(3) requires that the written notice explicitly state that the subcontractor is making a bond claim. See Am. Bldg. Contractors Assocs., LLC v. Mica & Wood Creations, LLC, 804 N.Y.S.2d 109, 110 (2d Dep't 2005) (reversing grant of summary judgment in favor of surety and holding that § 137(3) "does not specifically require that a notice refer to a bond claim"). Indeed, the primary purpose of § 137(3) is to benefit and to protect subcontractors and suppliers. See Spanos Painting Contractors, Inc. v. Union Bldg. & Constr. Corp., 334 F.2d 457, 459 (2d Cir. 1964); Quantum Corporate Funding, Ltd. v. Westway Indus., Inc., 4 N.Y.3d 211, 216 (2005). The district court correctly determined that MJJ complied with the written notice requirements set forth in § 137(3) and is therefore entitled to payment for services rendered.

We share the district court's observation that relatively little New York case law exists interpreting § 137(3)'s notice requirement and that it may be beneficial to permit the New York Court of Appeals to provide guidance. However, on these particular facts and based on Fidelity's concession that MJJ's delivery of the unpaid invoices to the general contractor's office satisfied the delivery requirement set forth in New York State Finance Law § 137(3), any reasonable notice requirements were met here.

Having considered all the arguments raised on appeal, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK