# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

70
CA 14-01230
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND WHALEN, JJ.

---

NIAGARA UNIVERSITY AND NIAGARA UNIVERSITY
ICE COMPLEX, INC., PLAINTIFFS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

THE HANOVER INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

---

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (JAMES W. GRESENS OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

DAMON & MOREY LLP, BUFFALO (ERIC A. BLOOM OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County
(Timothy J. Walker, A.J.), entered September 25, 2013. The order
granted the motion of defendant for summary judgment and dismissed the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied
and the complaint is reinstated.

Memorandum: Defendant, as surety, issued a performance bond on
behalf of Sterling Glass Dual Pane, Inc. (Sterling) in connection with
a building construction project undertaken by plaintiffs as owners of
the Niagara University Academic Complex (Complex). In 2006,
plaintiffs contracted with Sterling for the installation of windows in
the Complex's exterior walls, and plaintiffs commenced this action in
September 2010, seeking to recover damages under the performance bond
based upon the failure of Sterling to complete its contract. The
terms of the performance bond limited the time in which plaintiffs
could commence an action to within two years "after [Sterling] ceased
working." We agree with plaintiffs that Supreme Court erred in
granting defendant's motion for summary judgment dismissing the
complaint as time-barred under the contractual limitations period.
Although defendant met its initial burden by submitting evidence that
Sterling completed all work on the Complex on December 21, 2007,
plaintiffs raised an issue of fact concerning the date on which
Sterling "ceased working" on the Complex. Plaintiffs submitted
evidence establishing that Sterling worked on the Complex in June 2009
and June 2010 in furtherance of its contractual obligation to install
the windows in accordance with industry standards, and thus there is
an issue of fact whether Sterling "in effect continued to work on the

project" beyond December 2007 (*Construction Specialties v Hartford Ins. Co.*, 97 AD2d 808, 808; *see American Bldg. Contrs. Assoc., Inc. v Mica & Wood Creations, LLC*, 23 AD3d 322, 323).

Entered: February 6, 2015                    Frances E. Cafarell
                                             Clerk of the Court