Appeal from an order of the Supreme Court, Niagara County (Timothy J. Walker, A.J.), entered September 25, 2013. The order granted the motion of defendant for summary judgment and dismissed the complaint.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.
Memorandum: Defendant, as surety, issued a performance bond on behalf of Sterling Glass Dual Pane, Inc. (Sterling) in *1321 connection with a building construction project undertaken by plaintiffs as owners of the Niagara University Academic Complex (Complex). In 2006, plaintiffs contracted with Sterling for the installation of windows in the Complex’s exterior walls, and plaintiffs commenced this action in September 2010, seeking to recover damages under the performance bond based upon the failure of Sterling to complete its contract. The terms of the performance bond limited the time in which plaintiffs could commence an action to within two years “after [Sterling] ceased working.” We agree with plaintiffs that Supreme Court erred in granting defendant’s motion for summary judgment dismissing the complaint as time-barred under the contractual limitations period. Although defendant met its initial burden by submitting evidence that Sterling completed all work on the Complex on December 21, 2007, plaintiffs raised an issue of fact concerning the date on which Sterling “ceased working” on the Complex. Plaintiffs submitted evidence establishing that Sterling worked on the Complex in June 2009 and June 2010 in furtherance of its contractual obligation to install the windows in accordance with industry standards, and thus there is an issue of fact whether Sterling “in effect continued to work on the project” beyond December 2007 (Construction Specialties v Hartford Ins. Co., 97 AD2d 808, 808 [1983]; see American Bldg. Contrs. Assoc., Inc. v Mica & Wood Creations, LLC, 23 AD3d 322, 323 [2005]). Present — Scudder, P.J., Fahey, Peradotto, Carni and Whalen, JJ.