■ Atlas Drywall Corp., Respondent-Appellant, v District Council of New York City and Vicinity of United Brotherhood of Carpenters and Joiners of America et al., Appellants-Respondents, et al., Defendants. Carpenters Union Local 135, Nonparty-Respondent.—In an action to recover damages for violations of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 et seq.), (1) the defendants District Council of New York City and Vicinity of the United

Brotherhood of Carpenters and Joiners of America, Carpenters Local Union 531, and Carpenters Local Union 608, Paschal McGuinness and Henry Walaski appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated November 3, 1989, as denied those branches of their motion which were to dismiss the action against them on the ground that the controversy should be submitted to arbitration, or, in the alternative, to stay the action against them pending arbitration, and (2), the plaintiff appeals from so much of an order of the same court, dated October 26, 1990, as, upon reargument of its motion for leave to add a party, which was granted in the order dated November 3, 1989, vacated the original determination and denied its motion for leave to add a party. The appeal from the order dated November 3, 1989, brings up for review so much of the order dated October 26, 1990, as, upon reargument, adhered in part to the original determination denying those branches of the appellants-respondents' motion which were to dismiss the action against them or, in the alternative to stay the action against them pending arbitration (see, CPLR 5517 [a] [1]).

Ordered that the appeal from the order dated November 3, 1989, is dismissed, without costs or disbursements, as that order was superseded by the order dated October 26, 1990, made upon reargument; and it is further,

Ordered that the order dated October 26, 1990, is reversed insofar as appealed from and reviewed, on the law, without costs or disbursements, those branches of the appellants-respondents' motion which were to stay the action against them pending arbitration are granted, the action is stayed, and the parties are directed to proceed to arbitration; and it is further,

Ordered that the determination of the plaintiff's motion for leave to add a party is also stayed pending arbitration.

The plaintiff, a drywall construction subcontractor, and the defendant District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, on behalf of the defendant local unions, entered into a collective bargaining agreement which provided for the terms and conditions of the labor supplied by the defendants labor unions. The plaintiff thereafter commenced the instant action, charging that the defendants conspired between themselves and unnamed members of organized crime families to manipulate and control the drywall construction industry in New York City and, as part of that conspiracy, forced the plaintiff out of business when it refused to pay kickbacks. The appel-

lants-respondents moved, *inter alia,* to stay the action pending arbitration pursuant to the arbitration clause of the collective bargaining agreement. The court denied them that relief.

While criminal charges under the Racketeer Influenced and Corrupt Organizations Act are, of course, prosecutable in the criminal arena, it is now well settled that *civil* causes of actions arising thereunder are arbitrable *(see, Shearson/American Express v McMahon,* 482 US 220; *Kerr-McGee Ref. Corp. v M/T Triumph,* 924 F2d 467, *cert denied* — US —, 112 S Ct 81; *Singer v Jefferies & Co.,* 78 NY2d 76). The arbitration agreement between the plaintiff and the appellants-respondents provides in part that "all disputes between [the parties], *both within and without the agreement,* shall be submitted to arbitration and no defense to prevent the holding of the arbitration shall be permitted". We find that the arbitration agreement is broad enough to include the instant dispute and that the plaintiff's claims, which include the withholding by the appellants-respondents of the carpentry labor they had contracted to supply, are reasonably related to the subject matter of the collective bargaining agreement. "Once it appears that there is * * * a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended" *(see, Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 96). Accordingly, a stay of the action against the appellants-respondents pending arbitration is granted. The remaining contentions may be raised at the arbitration. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.