(September 12, 1994)

■ ATLAS DRYWALL CORP., Respondent, v DISTRICT COUNCIL OF NEW YORK CITY AND VICINITY OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, CARPENTERS LOCAL UNION 531, et al., Defendants, PASCHAL McGUINNESS et al., Appellants, and CARPENTERS LOCAL UNION 135, Nonparty-Appellant. [616 NYS2d 508] —In an action to recover damages for violations of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.),* the defendants Paschal McGuinness and Isadore Hubellbank and nonparty appellant Carpenters Local Union 135 appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), entered September 3, 1992, which denied their respective motions to permanently stay arbitration.

Ordered that the order is affirmed, with one bill of costs.

The facts underlying this appeal are reported in a decision and order made upon the appellants' prior appeal to this Court *(see, Atlas Drywall Corp. v District Council,* 177 AD2d 612). In that determination, this Court, *inter alia,* reversed a prior order of the Supreme Court, Kings County, which denied the defendants-appellants' motion to stay prosecution of the action against them pending arbitration, and directed the parties to proceed to arbitration. Following that appeal, the appellants separately moved to stay the arbitration against them. The Supreme Court denied the motions, finding that this Court directed the arbitration to proceed and made no exceptions for the appellants. We affirm.

The defendant District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America entered into a collective bargaining agreement on behalf of the local unions. The appellants McGuinness and Hubellbank are principals of those unions, and the acts that they were alleged to have committed, purportedly in their capacity as union officials, are the mainstay of the plaintiff's causes of action. A written arbitration agreement need not be signed by the party sought to be bound where, as here, there is sufficient proof that the parties actually agreed to arbitrate *(see, Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291; *Matter of Neiman v Backer,* 167 AD2d 403). Ac-

cordingly, McGuinness and Hubellbank are bound by the arbitration agreement, even though they were not signatories.

Moreover, McGuinness and Hubellbank, having successfully argued in the prior proceeding that the action against them should be stayed and that all of the claims should be arbitrated pursuant to the collective bargaining agreement, they may not now be heard to argue that the arbitration should be stayed as to them. A party who invokes the jurisdiction of the courts to procure a judgment in its favor may not thereafter repudiate the position upon which it relied *(see, Starbuck v Starbuck,* 173 NY 503; *Peterson v Goldberg,* 180 AD2d 260, 267).

We also reject the contention of the appellant Carpenters Local Union 135 (hereinafter Local 135) that because there is no determination that it is a party to the action, it may not be compelled to participate in the arbitration. It is uncontroverted that Local 135, as one of the local unions on whose behalf the collective bargaining agreement was executed, was a party to the arbitration agreement. Therefore, although this Court stayed, pending the arbitration, the plaintiff's motion to add Local 135 as a party, it directed Local 135 to arbitrate the claims against it *(see, Atlas Drywall Corp. v District Council, supra).* Bracken, J. P., Miller, Copertino and Hart, JJ., concur.