■ HILLCREST REALTY Co., Respondent, v WILLIAM GOTTLIEB et al., Appellants, et al., Defendants. [651 NYS2d 55] —In an action, *inter alia,* to recover rent due under a lease and assignment thereof, the defendants William Gottlieb and William Gottlieb Real Estate Co., appeal from an order of the Supreme Court, Kings County (Barasch, J.), entered May 25, 1995, which denied their motion to vacate and set aside a stipulation of settlement and a stipulation of discontinuance between the parties.

Ordered that the order is affirmed, with costs.

This action traces its origin to a prior appeal between the same parties *(see, Hillcrest Realty Co. v Gottlieb,* 208 AD2d 803). That appeal was perfected in August 1993. The parties entered into settlement negotiations, and reached a tentative agreement by June 1994. The appeal was scheduled for argument on October 7, 1994, and the decision and order in favor of the defendant William Gottlieb (hereinafter the appellant), was handed down on October 24, 1994. The parties were unaware that this Court had scheduled the appeal for argument, and were also unaware that it had been decided. In December 1994 the parties executed a formal stipulation of settlement whereby the defendants William Gottlieb and William Gottlieb Real Estate (hereinafter Gottlieb) agreed to pay to the plaintiff approximately $100,000 more than the defendant William Gottlieb was obligated to pay under this Court's decision and order dated October 24, 1994. After learning of the decision and order on the appeal, Gottlieb moved to vacate the settlement, arguing that it had been entered into under a mistake of fact. The Supreme Court denied the motion and we now affirm.

"Stipulations of settlement are favored by the courts and not lightly cast aside * * * Only where there is cause sufficient to invalidate a contract, such as * * * mistake * * * will a party be relieved from the consequences of a stipulation made during

litigation" *(Hallock v State of New York,* 64 NY2d 224, 230; *see also, Denberg v Parker Chapin Flattau & Klimpl,* 82 NY2d 375; *Matter of Galasso,* 35 NY2d 319; *Rebell v Trask,* 220 AD2d 594).

The record demonstrates that Gottlieb made no inquiry as to the status of the appeal for almost three months preceding the December 12, 1994, stipulation of settlement. By simple inquiry to the court, it was within Gottlieb's ability to ascertain the result of the appeal before the settlement was executed. The assumption that no decision had been rendered as of December 12, 1994, does not constitute a mistake of fact sufficient to void the agreement *(see, McLain Realty v Rivers,* 144 AD2d 216). At the time the case was settled, Gottlieb bore the risk of being mistaken as to who would win or lose the appeal and as to when it would be decided *(see, Harbor Ins. Co. v Stokes,* 45 F3d 499). Accordingly, Gottlieb cannot rescind the agreement based upon the later-acquired knowledge that the risk turned out to be ill-advised. "Equity will not relieve a party of its obligations under a contract merely because subsequently, with benefit of hindsight, it appears to have been a bad bargain" *(Raphael v Booth Mem. Hosp.,* 67 AD2d 702, 703). Santucci, J. P., Joy, Krausman and Florio, JJ., concur.