■ ROYAL YORK REALTY, INC., Appellant, v RALPH ANCONA, Respondent. [720 NYS2d 544] —In an action to recover damages for breach of a real estate brokerage agreement, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (S. Leone, J.), dated August 14, 2000, as granted the defendant's motion to amend a stipulation of settlement dated November 16, 1999, and vacate a judgment of the same court entered June 20, 2000, in its favor and against the defendant in the principal sum of $50,000.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is denied, and the judgment entered June 20, 2000, is reinstated.

The parties entered into a stipulation of settlement (hereinafter the stipulation) which provided, in relevant part, that the "[d]efendant shall pay plaintiff $30,000 within ten days of the sale of the premises known as 1341-1351 Flatbush Avenue, Kings County, New York, or on or before June 16, 2000, whichever occurs earlier." The stipulation also provided that in the event the defendant defaulted in making the payment, the plaintiff was entitled to enter judgment against the defendant in the principal sum of $50,000, plus statutory interest "without further notice."

The defendant failed to comply with the terms of the stipulation, and the plaintiff entered judgment against the defendant in the principal sum of $50,000, plus interest and costs. Thereafter, the defendant moved to amend the stipulation and vacate the judgment on the ground that at the time the stipulation was entered into, it was understood by the parties that the settlement proceeds were to be paid out of the proceeds from the sale of the premises.

"Stipulations of settlement are favored by the courts and not lightly cast aside" (*Hallock v State of New York,* 64 NY2d 224, 230; *see also, Matter of Galasso,* 35 NY2d 319, 321). Consequently "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York, supra,* at 230; *accord, Matter of Frutiger,* 29 NY2d 143, 150; *Hillcrest Realty Co. v Gottlieb,* 234 AD2d 270, 271).

Where, as here, the intent of the parties can be gleaned from the face of the instrument, "matters extrinsic to the agreement

may not be considered" (*Teitelbaum Holdings v Gold,* 48 NY2d 51, 56). Thus, the Supreme Court erred in accepting the defendant's self-serving assertion which was belied by the language of the stipulation. Bracken, Acting P. J., S. Miller, McGinity and Schmidt, JJ., concur.