■ J. LEONARD SPODEK, Appellant, v JOSHUA FEIBUSCH et al., Appellants. ARTHUR J. KREMER, Nonparty Respondent. (Action No. 1.) J. LEONARD SPODEK, Appellant, v ARLENE FEIBUSCH, Appellant. ARTHUR J. KREMER, Nonparty Respondent. (Action No. 2.) J. LEONARD SPODEK, Appellant, v ARLENE FEIBUSCH et al., Appellants. ARTHUR J. KREMER, Nonparty Respondent. (Action No. 3.) J. LEONARD SPODEK, Appellant, v ARLENE FEIBUSCH et al., Appellants. ARTHUR J. KREMER, Nonparty Respondent. (Action No. 4.) J. LEONARD SPODEK, Appellant, v ARLENE FEIBUSCH et al., Appellants. ARTHUR J. KREMER, Nonparty Respondent. (Action No. 5.) J. LEONARD SPODEK, Appellant, v MARTIN OLINER, Defendant, and ARLENE FEIBUSCH, Appellant. ARTHUR J. KREMER, Nonparty Respondent. (Action No. 6.) [739 NYS2d 580] —In six related actions, inter alia, for the dissolu-

tion of partnerships and an accounting, the plaintiff and the defendants jointly appeal from an order of the Supreme Court, Nassau County (Martin, J.), entered May 11, 2000, which denied their joint motion to vacate a stipulation of settlement entered in open court on July 26, 1999, settling the receiver's account, and to reopen the matter to evaluate whether the receiver's account should be approved.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly denied the parties' joint motion to vacate a stipulation of settlement entered into in open court with the receiver, in these related actions, inter alia, for dissolution of partnerships and an accounting. Contrary to the parties' contentions, the record does not support a claim of fraud on the basis of a material misrepresentation by the receiver or any other sufficient cause to invalidate a contract (*see, Hallock v State of New York,* 64 NY2d 224; *Matter of Frutiger,* 29 NY2d 143; *Royal York Realty v Ancona,* 280 AD2d 593). Ritter, J.P., Santucci, Feuerstein and Adams, JJ., concur.