■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v GREGORY CHANDLER et al., Defendants, and YONGWATTIE BEPAT et al., Appellants. [827 NYS2d 207]—

In an action for a declaratory judgment, the defendants

Yongwattie Bepat and Teekaran Bepat appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Queens County (Agate, J.), dated March 16, 2005, as denied their cross motion to dismiss the complaint for failure to name a necessary party or, in the alternative, for summary judgment on the issue of the plaintiff's duty to indemnify the defendant Gregory Chandler, and (2) from stated portions of an order of the same court dated November 16, 2005, which, inter alia, denied their motion for leave to reargue the prior cross motion and granted the plaintiff's cross motion for partial summary judgment against them, precluding them, based on the doctrine of judicial estoppel, from challenging the validity of the disclaimer of coverage by State Farm Mutual Automobile Insurance Company.

Ordered that the order dated March 16, 2005 is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the plaintiff has no contractual duty to provide coverage for claims for third-party liability coverage; and it is further,

Ordered that the appeal from so much of the order dated November 16, 2005, as denied the appellants' motion for leave to reargue is dismissed, as no appeal lies from the denial of a motion for leave to reargue; and it is further,

Ordered that the order dated November 16, 2005 is affirmed insofar as reviewed; and it is further,

Ordered that the one bill of costs is awarded to the plaintiff.

In this action, the plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), seeks a judgment declaring that it is not contractually obligated to provide insurance coverage for any claims made in connection with a motor vehicle accident that occurred on December 16, 2000. The Supreme Court properly granted State Farm's cross motion for partial summary judgment against the appellants based on the doctrine of judicial estoppel. It is undisputed that the appellants accepted a settlement in the sum of $30,000 from their own insurer pursuant to their uninsured motorists coverage. Accordingly, under the doctrine of judicial estoppel, the appellants cannot now challenge the validity of the disclaimer, a position inconsistent with its reliance on that very disclaimer as a basis to settle their claim for uninsured motorists benefits (*see Douglas v Government Empls. Ins. Co.*, 237 AD2d 246, 246 [1997]; *Prudential Home Mtge. Co. v Neildan Constr. Corp.*, 209 AD2d 394, 395 [1994]; *Atlas Drywall Corp. v District Council of N.Y. City & Vicinity of United Bhd. of Carpenters & Joiners of Am.*,

*Carpenters Local Union 531,* 207 AD2d 762, 763 [1994]; *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591, 593 [1984]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that State Farm has no contractual duty to provide coverage for claims for third-party liability coverage (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The appellants' remaining contentions either have been rendered academic in light of our determination or are without merit. Florio, J.P., Goldstein, Lunn and Dillon, JJ., concur.