■ Levinson & Santoro Electric Corp., Respondent, v Morse Diesel International, Appellant, et al., Defendant. [828 NYS2d 462]—

In an action, inter alia, to recover damages for breach of contract, the defendant Morse Diesel International, now doing business as AMEC Construction Management, Inc., appeals from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated August 12, 2005, as denied those branches of its motion which were for summary judgment dismissing the first, second, and third causes of action, sounding in breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, as contractor, entered into an electrical trade contract (hereinafter the contract) with the defendant Morse Diesel International, now doing business as AMEC Construction Management, Inc. (hereinafter AMEC), as "construction

manager," in connection with a construction project for the defendant Mount Sinai School of Medicine of the City University of New York (hereinafter Mount Sinai). The contract contained a "pay-if-paid" provision, which AMEC contends relegated the plaintiff to recovering its contractual fee either from funds provided to AMEC by Mount Sinai, or directly from Mount Sinai itself.

In addition, pursuant to the written contract between AMEC and Mount Sinai, AMEC was designated as the agent of Mount Sinai, with Mount Sinai as AMEC's disclosed principal.

The plaintiff, contending that it was not paid for the work it performed, commenced the instant action against both AMEC and Mount Sinai, seeking to recover damages for, inter alia, breach of contract. AMEC moved for summary judgment dismissing the complaint, arguing that it could not be held liable because it was an agent with a disclosed principal. The Supreme Court, inter alia, denied those branches of the motion which were for summary judgment dismissing the plaintiff's first, second, and third causes of action sounding in breach of contract. We affirm.

AMEC failed to establish, prima facie, that it did not operate as a general contractor for the relevant construction project, which would render the "pay-if-paid" provision of the contract violative of public policy, and thus unenforceable (*see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 158 [1995]).

In any event, there are issues of fact, inter alia, as to whether AMEC wrongfully withheld funds paid by Mount Sinai to AMEC for the plaintiff's work (*see Canron Corp. v City of New York*, 89 NY2d 147, 153 [1996]; *Caristo Constr. Corp. v Diners Fin. Corp.*, 21 NY2d 507 [1968]; *see also Quantum Corporate Funding v L.P.G. Assoc.*, 246 AD2d 320, 323 [1998]).

Accordingly, summary judgment dismissing the plaintiff's first, second, and third causes of action was properly denied to AMEC. Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.