■ M.H. Kane Construction Corp., Appellant, v URS Corporation Group Consultants, Respondent. [840 NYS2d 133]—

In an action, inter alia, to recover the unpaid balance due under a construction contract and to reform the parties' stipulation of discontinuance dated October 23, 2002, in an action entitled *Allied Bldg. Prod. Corp. v Empire Constr. Designs, LLC*, commenced in the Supreme Court, Queens Court, under index No. 10493/02, so as to provide that the stipulation of discontinuance is "without prejudice," the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered May 26, 2006, as granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a).

Ordered that the order is affirmed insofar as appealed from, with costs.

We affirm the order of the Supreme Court, albeit on grounds other than those articulated by that court.

Contrary to the plaintiff's contention, the language in the

dispute resolution provisions set forth in Paragraph 7.1 of the parties' construction agreement is sufficiently broad to include the instant dispute (*see Matter of Weinrott [Carp]*, 32 NY2d 190, 199 [1973]), since a "reasonable relationship" exists between the subject matter of the dispute and the general subject matter of the construction agreement (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 96 [1975]). Therefore, the plaintiff's claims are subject to the dispute resolution provisions, which preclude the courts from considering the merits of the first and second causes of action (*see Dazco Heating & A.C. Corp. v C.B.C. Indus.*, 225 AD2d 578, 579 [1996]; *Atlas Drywall Corp. v District Council of N.Y. City & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, 177 AD2d 612 [1991]). Accordingly, the first and second causes of action were properly dismissed pursuant to CPLR 3211 (a) (1).

The plaintiff's third cause of action fails to state a cause of action for reformation, on the ground of mistake, of a stipulation of discontinuance executed by the parties in an action entitled *Allied Bldg. Prod. Corp. v Empire Constr. Designs, LLC*, commenced in the Supreme Court, Queens County, under index No. 10493/02 (*see* CPLR 3211 [a] [7]; *Matthews v Castro*, 35 AD3d 403 [2006]; *G&S Clam Bar v Melillo*, 302 AD2d 492 [2003]; *Karapetyan v Underwood*, 287 AD2d 547 [2001]; *Royal York Realty v Ancona*, 280 AD2d 593 [2001]), and the circumstances presented do not warrant the exercise of this Court's equity jurisdiction (*see Hillcrest Realty Co. v Gottlieb*, 234 AD2d 270 [1996]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.