In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), entered November 26, 2010, which granted that branch of the motion of the defendant City of New York which was to dismiss the third cause of action for failure to comply with certain procedural preconditions to payment on a guarantee.
Ordered that the order is reversed, on the law, with costs payable by the respondent to the appellant, and that branch of the motion of the defendant City of New York which was to dismiss the third cause of action is denied.
In 2002, the defendant City of New York entered into a contract (hereinafter the prime contract) with the defendant Bovis Lend Lease LMB, Inc. (hereinafter Bovis), pursuant to which Bovis agreed to act as the construction manager on the construction of the new headquarters of the City’s Office of Emergency Management. The prime contract contained a “payment guarantee” by the City for labor, materials, equipment, and supplies. The prime contract provided, in relevant part, that “[t]he payment guarantee made pursuant to this Article shall be construed in a manner consistent with Section 137 of the State Finance Law and shall afford to persons furnishing labor or materials to the Contractor or his Subcontractors in the prosecution of the Work under this Contract all of the rights and remedies afforded to such persons by such section, including but not limited to, the right to commence an action against the City on the payment guarantee provided by this Article within the one year limitations period set forth in Section 137 *954 (4) (b).” State Finance Law § 137, in turn, requires a contractor on public improvement projects of a certain size to obtain a payment bond. The bond must guarantee “prompt payment of moneys due to all persons furnishing labor or materials to the contractor or any subcontractors in the prosecution of the work provided for in such contract” (State Finance Law § 137 [1]). The statute sets forth not only the required substantive provisions of that bond, but also the procedural requirements for a subcontractor to seek payment on it.
There was no “payment bond” on this project as such, but only the payment guarantee. Bovis subcontracted with the plaintiff, Navillus Tile, Inc., doing business as Navillus Contracting (hereinafter Navillus), for Navillus to act as the general contractor on the project. The contract between Bovis and Navillus incorporated the provisions of the prime contract. Disputes arose as to certain payments due, and Navillus commenced this action against various parties. The third cause of action, the only one asserted against the City, related to the payment guarantee. Prior to answering the complaint, the City moved, inter alia, to dismiss that cause of action on the grounds that Navillus had failed to exhaust administrative remedies and had failed to comply with certain procedural preconditions to payment on the guarantee that were set forth in the prime contract. The Supreme Court granted the motion on the first ground, but did not address the second. On a prior appeal, we rejected the Supreme Court’s conclusion, and remitted the matter to the Supreme Court, Queens County, for consideration of the second ground (see Navillus Tile, Inc. v Bovis Lend Lease LMB, Inc., 74 AD3d 1299, 1303 [2010]). On remittal, the Supreme Court granted that branch of the City’s motion which was to dismiss the third cause of action, based on Navillus’s failure to comply with the procedural requirements to enforce the payment guarantee. The court held that the procedural requirements in the prime contract were enforceable, even if they were more stringent than those in the statute. Navillus appeals.
The City now concedes, correctly, that the provisions of the payment guarantee imposing more stringent requirements than provided for in State Finance Law § 137 may not be enforced. As the Appellate Division, Third Department, held in analogous circumstances, “a labor and materials payment bond cannot dilute the protection of the statute by imposing notice conditions precedent to payment which are more onerous than that required by State Finance Law § 137 (3) . . . [A]ny such more burdensome notice provision having the effect of weakening the financial protection afforded statutory beneficiaries would be *955 void as violative of the public policy embodied in State Finance Law § 137 as amended” (Dutchess Quarry & Supply Co. v Firemen’s Ins. Co. of Newark, N.J., 190 AD2d 36, 39 [1993] [citations omitted]).
Accordingly, the Supreme Court erred in granting that branch of the City’s motion which was to dismiss the third cause of action based on Navillus’s failure to comply with procedural requirements set forth in the prime contract that were inconsistent with the provisions of State Finance Law § 137.
The parties’ remaining contentions need not be addressed in light of our determination. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.