AMERICAN ARCHITECTURAL, INC., Individually and on Behalf of All Other Lienors, Claimants or Creditors for Wages or Materials in Connection with a Public Improvement Herein Described, Respondent-Appellant, v CHARLES MARINO et al., Appellants-Respondents, et al., Defendant. [971 NYS2d 314]—

In an action, inter alia, to recover damages for breach of contract, the defendants Charles Marino, AMCC Corp., and Liberty Mutual Insurance Company appeal from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated October 3, 2011, as amended December 1, 2011, as denied those branches of their motion which were to dismiss the fourth and fifth causes of action insofar as asserted against them and granted that branch of their motion which was to dismiss the third cause of action insofar as asserted against them only to the extent of reducing the amount of the plaintiff's claim against a certain payment bond, and the plaintiff cross-appeals from so much of the same order as granted that branch of the motion of the defendants Charles Marino, AMCC Corp., and Liberty Mutual Insurance Company which was to dismiss the first cause of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the motion of Charles Marino, AMCC Corp., and Liberty Mutual Insurance Company which was to dismiss the first cause of action insofar as asserted against them is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

This action arises out of a construction subcontract containing a detailed dispute resolution procedure and setting forth various conditions precedent to the making of any "claim, dispute or question arising out of or in relation to [the] subcontract." Those conditions included, inter alia, a seven-day notice of claim procedure. The subcontract provided that a subcontractor's failure to comply with the conditions precedent effected a complete waiver of any claims for payment that the subcontractor may have against the contractor. The subcontract also contained a provision which designated the contractor as "the sole arbiter of all claims, disputes, and questions of any nature whatsoever arising out of . . . the [subcontract]."

Here, the subcontractor filed a mechanic's lien against certain real property, based on its claim that more than $1 million was due to it from the contractor, AMCC Corp. (hereinafter AMCC), in connection with the subject building project. AMCC had obtained a payment bond from the defendant Liberty Mutual Insurance Company (hereinafter Liberty), as surety. Thereafter, the subcontractor (hereinafter the plaintiff) commenced this action against Liberty, AMCC, and AMCC's president, Charles Marino (hereinafter collectively the appellants), among others,

seeking, inter alia, damages for breach of contract, payment pursuant to the payment bond, and foreclosure of the mechanic's lien. The appellants moved to dismiss the complaint insofar as asserted against them, based upon the terms of the subcontract, which set forth the conditions precedent to a claim by a subcontractor, and the plaintiff's alleged failure to comply with those terms. In the order appealed from, the Supreme Court, inter alia, granted that branch of the motion which was to dismiss, insofar as asserted against the appellants, the first cause of action, which sought damages for breach of contract based upon the failure to pay the subcontract balance, denied those branches of the motion which were to dismiss, insofar as asserted against the appellants, the fourth and fifth causes of action, which were predicated on the Lien Law, and granted that branch of the motion which was to dismiss, insofar as asserted against the appellants, the third cause of action, which was predicated on the surety bond, but only to the extent of reducing the claim against the bond by the amount of damages sought pursuant to the second cause of action for AMCC's alleged delay.

The Supreme Court properly concluded that the dispute resolution procedure in the subcontract was void for illegality insofar as it prevented a subcontractor from asserting a claim pursuant to the Lien Law and the State Finance Law. We agree with the Supreme Court that the provision in the subcontract which granted the contractor the right to act as sole arbiter "violates the principles of trusteeship as reflected in the Lien Law by creating an inherent conflict between AMCC's duty to the trust beneficiaries and its own self interest, and is . . . unenforceable as an impediment to plaintiff's right to bring an action under article 3-A of the Lien Law." (34 Misc 3d 194, 203 [2011].) Moreover, Lien Law § 34 provides, in relevant part, that "[n]otwithstanding the provisions of any other law, any contract, agreement or understanding whereby the right to file or enforce any lien created under article two is waived, shall be void as against public policy and wholly unenforceable" (*see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 156 [1995] [internal quotation marks omitted]; *JC Ryan EBCO/ H&G, LLC v Lipsky Enters., Inc.*, 78 AD3d 788, 789 [2010]). In addition, a condition precedent imposing requirements more stringent than those imposed by State Finance Law § 137 (3) is void as against public policy (*see Navillus Tile, Inc. v Bovis Lend Lease LMB, Inc.*, 98 AD3d 953 [2012]; *Dutchess Quarry & Supply Co. v Firemen's Ins. Co. of Newark, N.J.*, 190 AD2d 36, 39 [1993]). Therefore, the Supreme Court properly denied those branches of the appellants' motion which were to dismiss,

insofar as asserted against them, the fourth and fifth causes of action, which asserted claims under the Lien Law, and properly granted that branch of their motion which was to dismiss, insofar as asserted against them, the third cause of action, which asserted a claim to recover on the payment bond, only to the extent of reducing the claim against the bond by the amount of damages sought pursuant to the second cause of action for AMCC's alleged delay.

However, the Supreme Court erred in granting that branch of the appellants' motion which was to dismiss the cause of action alleging breach of contract insofar as asserted against them (*see Westinghouse Elec. Corp. v New York City Tr. Auth.*, 82 NY2d 47, 53 [1993]). The appellants' sole argument for the dismissal of this cause of action was the plaintiff's failure to comply with the conditions precedent contained in the dispute resolution procedure of the subcontract. However, inasmuch as we conclude that the dispute resolution procedure is void and unenforceable, it is severed from the subcontract and cannot serve as a basis for dismissal of the plaintiff's cause of action alleging breach of contract (*see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d at 158; *Levinson & Santoro Elec. Corp. v Morse Diesel Intl.*, 36 AD3d 670, 671 [2007]). Accordingly, the Supreme Court should have denied that branch of the appellants' motion which was to dismiss, insofar as asserted against them, the first cause of action, which alleged breach of contract.

We note that the issues presented on this appeal were neither raised nor decided on a prior appeal involving the same contractual dispute resolution procedure language (*see ACS Sys. Assoc., Inc. v AMCC Corp.*, 106 AD3d 761 [2013]).

The parties' remaining contentions are without merit. Balkin, J.P., Hall, Lott and Sgroi, JJ., concur. **[Prior Case History: 34 Misc 3d 194.]**