■ E.W. Howell Co., LLC, et al., Appellants, v The City University Construction Fund et al., Respondents. [53 NYS3d 260]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about May 9, 2016, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.

This case involves the bidding process on public works contracts associated with the construction of a new performing arts center at Brooklyn College. Defendant City University Construction Fund (CUCF), a public benefit corporation under Education Law § 6273, was responsible for providing the City University of New York (CUNY) with facilities in support of the latter's educational mission. In 2008 CUCF issued a request for proposals to provide construction management services for the planned performing arts center. Plaintiff E.W. Howell Co. and defendant Hill International, Inc. (Hill) bid on this contract, which was ultimately awarded to Hill. As construction neared in 2012, Hill put out a public solicitation for bids on performing the general construction. It awarded the resulting subcontract to plaintiffs which performed under it during the three years preceding the commencement of the instant action.

The complaint was properly dismissed because plaintiffs lacked citizen taxpayer standing to pursue their claim against CUCF and the individually named board of trustees defendants. State Finance Law § 123-b may not be used against public benefit corporations such as CUCF, which "enjoy[ ] an existence separate and apart from the State, even though it [may] exercise[ ] a governmental function" (*Matter of Plumbing, Heating, Piping & A.C. Contrs. Assn. v New York State Thruway Auth.*, 5 NY2d 420, 424 [1959]; *see John Grace & Co. v State Univ. Constr. Fund*, 44 NY2d 84, 87 [1978]; *Matter of Madison Sq. Garden, L.P. v New York Metro. Transp. Auth.*, 19 AD3d 284, 286 [1st Dept 2005], *appeal dismissed* 5 NY3d 878 [2005]).

Even if State Finance Law § 123-b did apply to public benefit corporations, it would not encompass plaintiffs' claim against the CUCF defendants because "the essence of the . . . lawsuit concerns how the procurement was conducted" and did not challenge the actual expenditure of money (*Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 589 [1998] [internal quotation marks omitted]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 813 [2003]). Plaintiffs could not establish common-law taxpayer standing because they did not show that "the failure to accord such standing would be in effect to erect an impene-

trable barrier to any judicial scrutiny of" the challenged contract (*Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410 [2000] [internal quotation marks omitted]).

The court did not err in dismissing plaintiffs' claim seeking to invalidate the alternate dispute provision of the subcontract because Hill's dual role as arbiter and Lien Law article 3A trustee did not present an inherent conflict. Hill was not the sole arbiter of all disputes, which were also subject to review by officials from the CUNY, and ultimately to a proceeding under CPLR article 78 (*see Westinghouse Elec. Corp. v New York City Tr. Auth.*, 82 NY2d 47, 54 [1993]; *American Architectural, Inc. v Marino*, 109 AD3d 773, 775 [2d Dept 2013]).

In light of the foregoing, because plaintiffs have not fully availed themselves of the valid alternate dispute procedures, their remaining claims, all of which were predicated on Hill's alleged breach of the subcontract, should also be dismissed (*see MCC Dev. Corp. v Perla*, 81 AD3d 474 [1st Dept 2011], *lv denied* 17 NY3d 715 [2011]; *M.H. Kane Constr. Corp. v URS Corp. Group Consultants*, 42 AD3d 512, 513 [2d Dept 2007]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Andrias, Moskowitz, Kahn and Gesmer, JJ.