Matter of Barrett Paving Materials, Inc. v New York State Thruway Auth. (2020 NY Slip Op 03352)





Matter of Barrett Paving Materials, Inc. v New York State Thruway Auth.


2020 NY Slip Op 03352


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1049 CA 18-01943

[*1]IN THE MATTER OF BARRETT PAVING MATERIALS, INC., BOTHAR CONSTRUCTION, LLC, CCI COMPANIES, INC., COLD SPRING CONSTRUCTION CO., HANSON AGGREGATES NEW YORK LLC, SLATE HILL CONSTRUCTORS, INC., TIOGA CONSTRUCTION CO., INC., AND VECTOR CONSTRUCTION CORP., PETITIONERS-PLAINTIFFS-APPELLANTS,
v
NEW YORK STATE THRUWAY AUTHORITY, JOANNE M. MAHONEY, IN HER OFFICIAL CAPACITY AS CHAIR OF NEW YORK STATE THRUWAY AUTHORITY BOARD OF DIRECTORS, BILL FINCH, IN HIS OFFICIAL CAPACITY AS ACTING EXECUTIVE DIRECTOR OF NEW YORK STATE THRUWAY AUTHORITY, AND D.A. COLLINS CONSTRUCTION CO., INC., RESPONDENTS-DEFENDANTS-RESPONDENTS. 






COUCH WHITE, LLP, ALBANY (JENNIFER KAVNEY HARVEY OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS NEW YORK STATE THRUWAY AUTHORITY, JOANNE M. MAHONEY, IN HER OFFICIAL CAPACITY AS CHAIR OF NEW YORK STATE THRUWAY AUTHORITY BOARD OF DIRECTORS, AND BILL FINCH, IN HIS OFFICIAL CAPACITY AS ACTING EXECUTIVE DIRECTOR OF NEW YORK STATE THRUWAY AUTHORITY. 
GLEASON, DUNN, WALSH & O'SHEA, ALBANY (THOMAS F. GLEASON OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT D.A. COLLINS CONSTRUCTION CO., INC. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered September 28, 2018 in a CPLR article 78 proceeding and declaratory judgment action. The judgment dismissed the amended petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In 2017, respondent-defendant New York State Thruway Authority (NYSTA) solicited bids for a project that included the replacement of eight highway bridges throughout central New York (project) and, in conjunction therewith, elected to include a project labor agreement (PLA) in the project's bid specifications. Petitioners-plaintiffs (petitioners) elected not to submit a bid on the project because of the inclusion of the PLA, which they alleged effectively excluded "open-shop" construction firms, such as themselves, from bidding on the project. Instead, petitioners, et al., commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul NYSTA's determination to include the PLA in the bid specifications, alleging, among other things, that the inclusion of the PLA violated various provisions of the New York State Constitution, the Labor Law, the State Finance Law, and the Legislative Law. Supreme Court, sua sponte, dismissed the petition-complaint [*2](petition) for lack of standing. This Court reversed, concluding that lack of standing did not constitute extraordinary circumstances justifying the court's sua sponte dismissal of the petition (Matter of Associated Gen. Contrs. of NYS, LLC v New York State Thruway Auth., 159 AD3d 1560, 1560-1561 [4th Dept 2018]), and reinstated the petition.
Subsequently, petitioners moved to amend the petition to include respondent-defendant D.A. Collins Construction Co., Inc.—the firm ultimately selected for the contract via the bid solicitation process. The court granted that motion, and petitioners filed an amended petition-complaint (amended petition). Respondents-defendants answered and, inter alia, asserted affirmative defenses and objections in point of law that petitioners lacked standing and failed to exhaust their administrative remedies. Petitioners now appeal from a judgment dismissing the amended petition based on, inter alia, petitioners' lack of standing and failure to exhaust administrative remedies. We affirm.
Contrary to petitioners' contentions on appeal, we conclude that the court properly determined that petitioners lacked standing to commence this proceeding. To establish traditional common-law standing, petitioners were required to show that they "suffered an injury in fact, distinct from that of the general public," and that their alleged injury "falls within the zone of interests" sought to be protected by the provisions in question (Matter of Transactive Corp. v New York State Dept. of Social Servs., 92 NY2d 579, 587 [1998]; see generally Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-774 [1991]). Here, petitioners failed to establish an injury in fact because the alleged harm occurred, not by their failure to secure the winning bid, but via their voluntary decision to entirely forego the bid solicitation process (see Lancaster Dev., Inc. v McDonald, 112 AD3d 1260, 1261-1262 [3d Dept 2013], lv denied 22 NY3d 866 [2014]; see also Transactive Corp., 92 NY2d at 587). Even assuming, arguendo, that petitioners suffered an injury in fact, we further conclude that any "economic injury or lost business opportunity" that petitioners suffered "does not fall within the zone of interests to be protected by the competitive bidding statutes" (Lancaster Dev., Inc., 112 AD3d at 1262). "[T]he fact that certain nonunion contractors may be disinclined to submit bids where, as here, a PLA is included in the contract specifications does not preclude competition such that the competitive bidding mandate [of the statutes] is offended" (id. [internal quotation marks omitted]). Notably, petitioners did not allege that NYSTA precluded or impeded their ability to submit a bid on the project (see Albert Elia Bldg. Co. v New York State Urban Dev. Corp., 54 AD2d 337, 341-342 [4th Dept 1976]).
We further conclude that petitioners did not establish that they had citizen taxpayer standing pursuant to State Finance Law § 123-b. Petitioners are precluded from asserting citizen taxpayer standing against NYSTA because, as a public authority (see Public Authorities Law § 352 [1]), NYSTA "enjoys an existence separate and apart from the State, even though it exercises a governmental function" (Matter of Plumbing, Heating, Piping & A.C. Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420, 424 [1959]; see generally John Grace & Co. v State Univ. Constr. Fund, 44 NY2d 84, 88 [1978]; E.W. Howell Co., LLC v City Univ. Constr. Fund, 149 AD3d 479, 480 [1st Dept 2017], lv denied 29 NY3d 914 [2017]). Even assuming, arguendo, that State Finance Law § 123-b applies to NYSTA, petitioners are not entitled to assert citizen taxpayer standing because they merely seek to challenge the contract's PLA requirement, "not the unlawful expenditure of any [state] funds distributed pursuant thereto" (Lancaster Dev., Inc., 112 AD3d at 1263; see generally Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 803, 813-814 [2003], cert denied 540 US 1017 [2003]; Transactive Corp., 92 NY2d at 589; E.W. Howell Co., LLC, 149 AD3d at 480). Petitioners are also unable to assert common-law taxpayer standing because they "do not seek review of any legislative action" (Transactive Corp., 92 NY2d at 589) and, in any event, they are unable to show that "the failure to accord such standing would be in effect to erect an impenetrable barrier" to judicial review of the PLA requirement (Matter of Colella v Board of Assessors of County of Nassau, 95 NY2d 401, 410 [2000] [internal quotation marks omitted]).
Moreover, contrary to petitioners' further contention, we conclude that the court properly determined that dismissal of the amended petition was warranted because petitioners failed to exhaust their administrative remedies before commencing this proceeding (see generally Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57-58 [1978]; Matter of Pilot Travel Ctrs., LLC v Town Bd. of Town of Bath, 163 AD3d 1409, 1411 [4th Dept 2018], lv denied 32 NY3d 914 [2019]). Petitioners did not engage in the detailed formal protest process laid out by [*3]the bid specifications that served as a condition precedent to commencing litigation. Merely alleging a constitutional violation, as petitioners did here, does not excuse a litigant's duty to exhaust administrative remedies where, as here, the " constitutional claim . . . may require the resolution of factual issues reviewable at the administrative level' " (Town of Oyster Bay v Kirkland, 19 NY3d 1035, 1038 [2012], cert denied 568 US 1213 [2013], quoting Matter of Schulz v State of New York, 86 NY2d 225, 232 [1995], cert denied 516 US 944 [1995]; see Griffiss Local Dev. Corp. v Gardner, 103 AD3d 1276, 1277 [4th Dept 2013], lv denied 21 NY3d 856 [2013]). Additionally, we conclude that petitioners' failure to exhaust their administrative remedies should not be excused on the ground that pursuing them would have been futile (see generally Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d 136, 140 [1995]). The evidence submitted by petitioners demonstrated, at most, that they merely had "some reason to doubt" that pursing such remedies would have been successful (Matter of Pfaff v Columbia-Greene Community Coll., 99 AD2d 887, 887 [3d Dept 1984]).
In light of the foregoing, we do not address petitioners' remaining contentions.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court