| Matter of O'Hara v Bitter |
|:---:|
| 2025 NY Slip Op 31589(U) |
| April 29, 2025 |
| Supreme Court, Saratoga County |
| Docket Number: Index No. EF20251385 |
| Judge: James E. Walsh |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SARATOGA

---

In the Matter of the Application of

CHRISTOPHER O'HARA, Objector-Aggrieved,

    -and-

MICHAEL TRAIDER, Candidate-Aggrieved,
    -and-

STEPHANIE RANZE, Candidate-Aggrieved,

                Petitioners,

    -against-

STEFANIE R. BITTER,
CAITLIN S. FANTINI, and
DAHN S. BULL,

    -and-

SARATOGA COUNTY BOARD OF ELECTIONS, and
THE COMMISSIONERS THEREOF CONSTITUTING
THE BOARD,
                Respondents,

For an Order Pursuant to Sections 16-100,
16-102(1), (2) and 16-116 of the Election Law,
Declaring Invalid the Designating Petitions Purporting
To Designate the Respondent-Candidates in the 2025
Republican Party Primary Election, and to Restrain the said
Board of Elections from Printing and Placing the
Name of said Candidate Upon the Official Ballots
of Said Primary Election.

---

**DECISION AND ORDER**

RJI # 45-1-2025-0531
Index #EF20251385

[* 1]

**Appearances:**

Timothy F. Hill, Esq.
Perillo Hill, LLP
Attorneys for Petitioners
285 W. Main Street, Suite 203
Sayville, New York 11782

Joel E. Abelove, Esq.
Abelove Law, P.C.
Attorneys for Respondent-Candidates Stefanie R. Bitter, Caitlin S. Fantini and
Dahn S. Bull
1702a Central Avenue
Albany, New York 12205

George P. Conway, Esq.
Saratoga County Attorney
Attorneys for Respondent Saratoga County Board of Elections
40 McMaster Street
Ballston Spa, New York 12020

Walsh, J.

The instant matter is brought on by Petition and Order to Show Cause under Article 16 of the New York State Election Law, filed on April 16, 2025, and made returnable on April 25, 2025. A hearing was conducted by the Court on April 25, 2025 and continued on April 28, 2025 and the parties were directed to file any post-hearing submissions to the Court by April 29, 2025 at 9:00 a.m., which both parties have done.[1] Petitioners asserts that Respondent-Candidates engaged in fraudulent conduct in collecting signatures for designating petitions and must be stricken from the ballot. In the alternative, Petitioners challenge the validity of certain signatures

---

[1] Consistent with its position during the proceedings, Respondent Saratoga County Board of Elections provided the required evidence, but did not take a position on the relief requested in post-hearing submissions. The Court also notes that Petitioners post-hearing submission was filed via NYSCEF at 9:17 a.m.

[* 2]

that, if disqualified from the petitions, would result in Respondent-Candidates from submitting an insufficient number of valid signatures to attain ballot access on the Republican party line for their various offices. The Respondent-Candidates submit that no candidate knowingly engaged in any fraudulent conduct, nor witnessed any such fraud, and that a sufficient number of valid signatures have been presented to secure access to the ballot in the primary election to be conducted on June 24, 2025.

The parties stipulated that 470 valid signatures were required to secure access to the ballot on the Republican party line for the positions of Superintendent of Highways and Town Clerk for the Town of Clifton Park, as well as Town Judge (*see* Election Law §6-136). Respondent-Candidates submitted joint petitions for all three positions, which contained 634 signatures. Petitioners challenge the validity of 253 signatures which, if entirely successful, would reduce the number of submitted signatures below the required 470 signatures.

Initially, Petitioners assert that the Respondent-Candidates each engaged in fraud in witnessing petitions. Respondent Bitter, who declined the nomination for Town Judge, acknowledged that she witnessed her own signature as well as a signature for a husband signing on behalf of his wife, who was also present. Bitter testified that she declined the nomination for the ballot after her employer advised her that taking on the elected position could create a conflict with their law firm. The Court credits Ms. Bitter's testimony as being forthright and taking responsibility for the errors in witnessing the various petitions, as she swore in the jurat that she personally witnessed each claimed signature, which was not the case. As she has

[* 3]

withdrawn her candidacy, Petitioners' application for relief as it relates to Respondent-Candidate Bitter being removed from the ballot is moot.

Next, Petitioners assert that Respondent-Candidate Fantini committed fraud in witnessing the signatures of Regina and Peter Curtis and William and Virginia Riley, as Petitioners challenged that one spouse signed in place of the other. Ms. Fantini testified that she could not specifically recall the incidences, but stood by her subscribing witness statement, which contained the following jurat:

> I, _____, state: I am a duly qualified vote of the State of New York and am an enrolled voter of the Republican Party. I now reside at (residence address) _____. Each of the individuals whose names are subscribed to this petition sheet containing, (FILL IN NUMBER) ____ signatures, subscribed the same in my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet. I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn. (See NYS Election Law § 6-132)

Likewise, Petitioners encourage the Court to credit the testimony of witness Robert V. Swatling, Jr., who obtained signatures on behalf of all three candidates, and testified that an individual signed a petition he was carrying outside of his presence. Mr. Swatling testified that he advised Respondent-Candidate Bull of this occurrence. Bull testified that he did not recall such conversation, nor take any action to avoid submitting an improper signature. Petitioners submit that both Fantini and Bull engaged in, or had knowledge of, fraudulent signatures being submitted, and should be disqualified from the ballot.

"A candidate's designating petition will be invalidated on the ground of fraud if there is a showing that the entire petition is permeated with fraud." *Matter of*

[* 4]

*Felder v. Storobin*, 100 AD3d 11, 15 [2nd Dept. 2012]. "Even when the designating petition is not permeated with fraud, the petition generally will be invalidated where the candidate has participated in or is chargeable with knowledge of the fraud." *Matter of Volino v. Calvi*, 87 AD3d 657, 658 [2nd Dept. 2011]. Here, both instances of fraud that Petitioners seek to attribute to, or at the minimum knowledge of, to Respondent-Candidates Fantini and Bull falls short of the clear and convincing evidence standard. Neither candidate testified in the affirmative to recalling such instances and any equivocation in their responses, was not viewed by the Court as being evasive or deceptive. Rather, the Court credits each of their testimonies and does not find that either engaged in, or had knowledge, of fraud in their witnessed petitions. *See, Matter of VanSavage v. Jones*, 120 AD3d 887, 888 [3rd Dept. 2014].

Petitioners further assert that numerous signatures on the nominating petitions did not match the "buff cards" which are maintained by the Saratoga County Board of Elections. In many such circumstances, the "signatory" printed their name, rather than signing by using cursive or script. The Court notes that the petitions used by Respondent-Candidates listed "Name of Signer" in the name column, which resulted in many people printing their names, which differs from their respective signatures on record.

New York State Election Law § 6-134(5) provides, "Nothing in this section shall prevent a court from receiving testimony or other admissible evidence as to the authenticity of a signature when such signature would otherwise be invalidated for not matching the signature on file with the board of elections." To cure the purported

[* 5]

defects for the printed "signatures", Respondent-Candidates called as witnesses or submitted affidavits from the subscribing witnesses to the petitions, who each attested that each witness identified the person who affixed their name to the petition and proceeded to make their mark. From the 116 challenged "signatures" sought to be declared invalid due to not matching the cursive signatures on file, Respondent-Candidates presented proof to cure 112 challenges. *See, Matter of Curley v. Zacek*, 22 AD3d 954 [3rd Dept. 2005]; *Compare, Matter of Lord v. NYS Board of Elections*, 98 AD3d [2nd Dept. 2012]. The Court credits the testimony and affidavits of such petition witnesses and finds that Petitioners have not demonstrated by clear and convincing evidence that 112 of challenged signatures are invalid, leaving Respondent-Candidates with more than 470 valid signatures under this theory.

However, Petitioners seek to disqualify all of the signatures on all petitions witnessed by Respondent-Candidate Bitter. Ms. Bitter witnessed 10 petitions and collected 189 signatures for herself and Respondent-Candidates Fantini and Bull. Even as the Court has ruled that neither Fantini nor Bull were aware of any fraud committed by their co-candidate, signatures collected by her are not permitted to stand, as such would encourage a candidate to ignore fraud committed to their benefit. Analogously, the Second Department addressed this specific issue in *Matter of Sgammato v. Perillo*, 131 AD3d 648 [2nd Dept. 2015], reversing the trial court's determination, not to invalidate petitions for unaware co-candidates, while only disqualifying the candidate to whom fraud was attributed. "[S]ince the Supreme Court determined that Shapiro's witness statements on the contested sheets were

Page 6 of 8

false, the court erred in denying those branches of the petition which were to invalidate the designating petition as to the other two candidates." *Id at 651, citing Matter of Proskin v May*, 40 NY2d 829 [1976]. As in *Sgammato*, all petitions by the subscribing witness/candidate who was disqualified must be rendered invalid, eliminating 189 signatures from Respondent-Candidates application, leaving only 445 signatures, short of the required 470 signatures needed for ballot access.

Accordingly, the relief sought in Petitioners' petition to invalidate the designating petitions of Respondent-Candidates Fantini and Bull is granted and the Saratoga County Board of Elections shall be restrained from printing and placing the names Caitlin S. Fantini on the Republican Party line on any official ballots of the primary and/or general election for the position of Town Clerk for the Town of Clifton Park. Further, the Saratoga County Board of Elections shall be restrained from printing and placing the names Dahn S. Bull on the Republican Party line on any official ballots of the primary and/or general election for the position of Superintendent of Highways for the Town of Clifton Park. This shall constitute the Decision and Order of the Court. No costs are awarded to any party. The Court is hereby uploading the original Decision and Order into the NYSCEF system for filing and entry by the County Clerk. Petitioner's counsel is still responsible for serving notice of entry of this Decision and Order in accordance with the Local Protocols for Electronic Filing for Saratoga County.

Signed at Ballston Spa, New York
this 29th day of April, 2025

_____
Hon. James E. Walsh,
Supreme Court Justice

*Craig A. Hayner*
Entered Saratoga County Clerk

Page 7 of 8

04/30/2025

[* 7]

**Papers reviewed and considered:**

Verified Petition, filed on April 16, 2025, with Attorney Verification, Emergency Affirmation and Exhibit A

Answer in a Special Proceeding on behalf of Respondent-Candidate Bull, filed on April 23, 2025

Answer in a Special Proceeding on behalf of Respondent-Candidate Fantini, filed on April 23, 2025

Proof adduced at hearing conducted on April 25, 2025 and April 28, 2025

Post-Hearing Memorandum on behalf of Respondent-Candidate McCoy of Joel E. Abelove, Esq., filed on April 29, 2025

Post-Hearing Memorandum Affirmation on behalf of Petitioner-Aggrieved Candidate Brown of Timothy F. Hill, Esq., filed on April 29, 2025

Page 8 of 8